# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>information associated with the cellular telephone assigned call number 414-397-0852 and cellular telephone assigned call number 414-588-0962, that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054 | Case No. 23-847M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before 2/6/2023 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    XXX☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Nancy Joseph_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 1/23/2023 @ 3:26 p.m.                    *Nancy Joseph*
                                                               *Judge's signature*

City and state: Milwaukee, WI                    Honorable Nancy Joseph, U.S. Magistrate Judge
                                                 *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

                                                           *Executing officer's signature*

                                                               *Printed name and title*

# ATTACHMENT A

## Property to Be Searched

Records and information associated with the cellular telephone assigned call number **414-397-0852** and cellular telephone assigned call number **414-588-0962** (referred to in attachment B as "the Accounts"), that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

# ATTACHMENT B

### Particular Things to be Seized

**I. Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Accounts listed in Attachment A for the following dates: September 1, 2022 through November 23, 2022:

    A.    The following information about the customers or subscribers of the Accounts:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

1. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

2. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data.

3. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 1951 (Hobbs Act) and Title 18, United States Code, Section 924(c) (use of a firearm during a crime of violence) involving ANTERIAN A WILLIAMS and KAPERION T GATSON, during the period of September 1, 2022, through November 23, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Service Providers to locate the things particularly described in this Warrant.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

information associated with the cellular telephone assigned call number 414-397-0852 and cellular telephone assigned call number 414-588-0962, that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054

Case No. 23-847M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1951(a) | Hobbs Act Robbery |
| 18 U.S.C. 924(c) | Brandishing of a Firearm During a Crime of Violence |

The application is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Heather N. Wright, Special Agent, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 1/23/2023

*Judge's signature*

City and state: Milwaukee, WI

Honorable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEACH WARRANT

I, Heather N. Wright, being first duly sworn on oath, on information and belief state:

**I.   INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:**

1. I make this affidavit in support of an application for a search warrant for information associated with a certain cellular telephone's assigned call number:

    a. **(414) 397-0852** ("**Target Cell Phone #1**"), that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

    b. **(414) 588-0962** ("**Target Cell Phone #2**"), that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

2. T-Mobile will be referred to as the "Service Provider." The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under 18 U.S.C. § 2703(c)(1)(A) to require the Service Provider to disclose to the government copies of the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since July of 2010. Since August of 2020, I have been assigned to the FBI's Milwaukee Area Violent Crimes Task Force, a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including bank robberies, commercial robberies, armed

motor vehicle robberies, and other violent crime matters, defined under Title 18 of the United States Code. I have been trained in a variety of investigative and legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have participated in criminal investigations, surveillance, search warrants, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why violent actors typically conduct various aspects of their criminal activities.

4. Based upon my training and experience, I know that criminal investigations have been aided by subpoenas, warrants, and court orders related to electronic communication records by providing critical investigative leads and corroborative evidence.

5. To this end, based upon my training and experience, I know that individuals involved in violent crimes use cellular telephones to maintain contact with co-conspirators aurally or via electronic message in "text" format. I also know that it is common for suspects who commit violent crimes to take, or cause to be taken, photographs and other visual depictions of themselves, their associates, and the illegal proceeds and firearms that they control or possess.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other Agents, law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that ANTERIAN A WILLIAMS (DOB XX/XX/2004), hereafter "WILLIAMS," and KAPERION T GATSON (DOB: XX/XX/2004), hereinafter "GATSON," committed an armed robbery of a United States Postal worker in the area of 4724 W Medford Ave, Milwaukee, Wisconsin, on November 18, 2022, in violation of Title 18, United States Code,

Sections 1951(a) (Hobbs Act robbery) and 924(c) (brandishing of a firearm during a crime of violence). I further submit that there is probable cause to believe that evidence of GATSON, WILLIAMS, and others' involvement in the robberies will be recovered in the records that are sought herein.

## II. PROBABLE CAUSE

14. On Friday, November 18, 2022 at 1:40 PM, at the location of 4724 W Medford Ave, Milwaukee, WI, the Milwaukee Police Department responded to an armed robbery. The victim, identified as D. H., was an employee of the United States Postal Service and on November 18, 2022, D.H., a mail carrier, was working and walking his normal route. D.H. stated that he was walking in the 4600 block of W Medford and took notice of a gold color four door vehicle driving around with the rear seat, driver-side occupant, hanging outside of the vehicle';s rear window, while waving a black handgun around. D.H. stated that he shook his head at the behavior when the suspect hanging out of the window waving the gun, turned it and pointed at him. D.H. stated that it was then that he observed a green laser light on the gun. D.H. stated that he continued to deliver the mail and continued to the 4700 block of W. Medford Ave. D.H. stated that while he was on the 4700 block, he noticed three subjects walking towards him because he heard them talking. D.H. tried to avoid walking in front of the subjects but they approached him. D.H. stated that he said, "what up fellas", to acknowledge their presence and intended to continue along his route, however, the first suspect, Suspect #1, grabbed him and pulled a gun from his waist band. Suspect #1 put a handgun up to the right side of his back and demanded his "key". D.H. stated that his work had recently held a meeting warning mail carriers that there had been an uptick of mail carrier robberies in order to obtain their arrow keys. The arrow key opened all blue mail boxes, apartment buildings and mail boxes within the apartment buildings.

3

Case 2:23-mj-00847-NJ    Filed 01/23/23    Page 9 of 18    Document 1

15. D.H. stated that the second suspect, Suspect #2, put something into the left side of his back, which he assumed was a gun, but he didn't see the gun. D.H. stated that there was a third suspect, however, Suspect #3 was close but hung behind Suspect #1 and #2.

16. D.H. stated that he told the suspects that the key was in his van (mail carrier van). The suspects maintained their grasp on him and escorted him over the to van. Once at the van, D.H. had to tell them that he was getting the van key out of his back pocket so he could get the arrow key out from inside. D.H. stated that the suspects were anxious and telling him to stop playing with them. D.H. stated that he opened the driver door and retrieved the arrow key (serial number of 7721834) from the pocket molded in the plastic of the driver door. D.H. stated that the key was on a gold chain which was too long so he had the chain folded up and banded together to shorten the length.

17. D.H. stated that as soon as he turned over the key, all three suspects ran off towards W. Ridge Ct. D.H. stated that he watched the suspects enter the same gold four door vehicle that he had seen earlier. D.H. stated that he observed the three suspects enter the vehicle but not into the driver seat, which lead him to believe that there were four suspects and the driver had remained inside the vehicle during the robbery.

18. D. H. provided uniformed officers and detectives a clear physical description of the suspects as well as the suspect vehicle. D.H. stated that Suspect #1 was approximately 17-20 years of age, 5'10", skinny build, dark complexion, dread lock style hair 6'-8" in length, red hooded sweatshirt with unknown black writing on the chest, gray pants, and gray sneakers. D.H. stated that Suspect #2 was approximately 17-22 years of age, 5'08", skinny build, wearing black jacket and dark clothing. D.H. stated that the suspect vehicle was a four door, newer model, gold in color sedan. D.H. stated that he was not very good at recognizing vehicle brands or models.

19. Video surveillance was obtained that captured the robbery and confirmed D.H.'s statement. The description of the vehicle and video footage revealed it to be a 2012 Ford Taurus with a distinct color of green that was only made this year.

20. On November 23, 2022, a 2012 green Ford Taraus WI APZ-2353 was observed by police. When officers attempted to pull the vehicle over, the vehicle took off at a high rate of speed through the City of Milwaukee before coming to a stop where the occupants fled on foot from the vehicle. While giving multiple commands to "Stop", the driver of the vehicle, identified as Anterian A. WILLIAMS (B/M 11/04/04), fled on foot and discarded a black HK 9mm handgun, Ser# 232059127, which had a chambered cartridge and loaded extended magazine. WILLIAMS was taken into custody behind 6017 N Sidney Pl. Due to WILLIAMS's age he is not of age to legally possess a firearm. During an interview of WILLIAMS, WILLIAMS admitted that he had been the driver during the fleeing car chase. WILLIAMS stated that he threw the HK gun while he was running from police. WILLIAMS stated that he had possessed the gun for approximately two months. WILLIAMS admitted to being the driver of the vehicle during the mail carrier robbery. WILLIAMS stated that he had not known what the other suspects had been doing and they didn't tell him. WILLIAMS appeared confused when confronted about the arrow key. WILLIAMS refused to ID the other suspects in the photos presented to him of the mail carrier robbery.

21. During a search of the vehicle, a red iPhone (**Target Cell Phone #1**) was located between the front driver seat and the center console. During the interview of WILLIAMS, WILLIAMS admitted that the red iPhone that was recovered belonged to him, however, WILLIAMS would not provide consent for the phone. This phone was placed on MPD Inventory #22043009. A open source check for WILLIAMS revealed that WILLIAMS had an open case

5

Case 2:23-mj-00847-NJ     Filed 01/23/23     Page 11 of 18     Document 1

under State of Wisconsin (Case# 2022CM001177) for Possess Dangerous Weapon- Person <18. WILLIAMS was wearing a blue hooded sweatshirt with black sweatpants and three white stripes. The HK Firearm was placed on Inventory #22043013.

22. The rear passenger, identified as Amaurie SMITH (B/M 08/13/05), also fled from the vehicle on foot, disregarding multiple commands to "Stop!!" SMITH was taken into custody in the rear of 6030 N Sidney Pl and found to be in possession of a Silver Mail Box Key, located in his front right pocket, which had a serial number of 772183. A Blue Paper check with with the name CHARLES L. RANDOLPH and JANET P RANDOLPH (6120 N ALBERTA LN) and a black cell phone (**Target Cell Phone #2**) were located on SMITH's person at the time of his arrest. The checks were placed under Inventory number #2204303, the Key was placed on Inventory # 22043030, and the black cell phone was placed under Inventory number #22043048.

23. Also during the search of the vehicle, officers located a Black Walther handgun, Ser#FDE8209, located in the vehicle under the front passenger seat. This weapon was loaded and had a chambered cartridge. During an interview of SMITH, SMITH admitted that the gun located from under the passenger seat belonged to him and that he had placed the firearm in that location prior to fleeing from police. SMITH identified this firearm as a Walther firearm and that it had a "green dot." Due to SMITH's age he is not of age to legally possess a firearm. SMITH admitted that the arrow key stolen from the mail carrier had been on his person at the time of his arrest. SMITH stated that the robbery was done because he wanted to sell the key. SMITH stated that he could get "4" for the key but did not know whether it was $400 or $4000, he had just heard word around the street that they were valuable. The Walther Firearm was placed on Inventory #22043005. While in the booking process and being searched SMITH was found in possession of

(4) credit cards with different names on them. SMITH stated "Those aren't mine, I was holding them for someone." The cards were placed on inventory (INV#223270117).

24. The front seat passenger, identified as Kaperion GATSON (B/M 11/01/04), also fled from police on foot and was taken into custody near 6050 N Sidney Pl. A search of the vehicle revealed a second firearm, a black Taurus 9mm, Ser# ACK461007, located in bewtween the front passenger seat and the console. During an interview of GATSON, GATSON stated that the firearm located in between the front passenger seat and the console was a Taurus and that firearm belonged to him. Due to GATSON's age, GATSON was not of age to legally possess a firearm. GATSON stated that he had been present for and participated in the mail carrier robbery. GATSON stated that they had been driving around when a fourth subject, known as "Aaron", suggested that they rob the mail carrier. GATSON stated that "Aaron" produced the firearm in order to rob the mail carrier, so he did as well. GATSON stated that all three individuals that participated in the robbery had guns. GATSON stated that they walked the mail carrier to the van and he gave the Arrow key to "Aaron". GATSON was wearing a Red "BBM" hooded sweatshirt, black pants. GASTON had the same clothing on that he was wearing in the video surveillance of the robbery. The Taurus Firearm was placed on Inventory #22043036.

25. On December 30, 2022, writer swore to an Affidavit requesting authorization for the search of **Target Cell Phone #1** and **Target Cell Phone #2** and on the same day, a warrant was authorized by the Honorable United States Magistrate Judge William E. Duffin.

26. During the execution of the search warrant, **Target Cell Phone #1** number was determined to be **414-397-0852** and **Target Cell Phone #2** number was determined to be **414-588-0962**. The **Target Cell Phone #1** number, **414-397-0852,** was determined to be associated to the

Service Provider, **T-Mobile**. The **Target Cell Phone #2** number, **414-588-0962,** was determined to be associated to the Service Provider, **T-Mobile**.

27. Your affiant is also requesting the subscriber information, call detail records, text message connection records, text message content information, specialized location records, and cloud storage records for telephone number **Target Cell Phone #1** and **Target Cell Phone #2** for the timeframe of September 1, 2022 at 12:00 a.m.(CST) to November 23, 2022 at 11:59 p.m. (CST).

IV. **CELL SITE DATA**

17. In my training and experience, I have learned that the Service Providers are companies that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate location of the cellular telephone but is typically less precise than other types of location information, such as E-911 Phase II data or Global Positioning Device ("GPS") data.

18. Based on my training and experience, I know Service Providers can collect cell-site data about **Target Cell Phone #1** and **Target Cell Phone #2**. I also know that wireless providers

8

such as the Service Provider typically collect and retain cell-site data pertaining to cellular phone to which they provide service in their normal course of business in order to use this information for various business-related purposes.

19. Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless telephone service. I also know that wireless providers such as the Service Provider typically collect and retain information about their subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular phone and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify **Target Cell Phone #1** and **Target cell Phone #2** user or users and may assist in the identification of co-conspirators and/or victims.

V. **AUTHORIZATION REQUEST**

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

21. I further request that the Court direct Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control. Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

9

# ATTACHMENT A

## Property to Be Searched

Records and information associated with the cellular telephone assigned call number **414-397-0852** and cellular telephone assigned call number **414-588-0962** (referred to in attachment B as "the Accounts"), that is stored at the premises controlled by T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ 07054.

# ATTACHMENT B

## Particular Things to be Seized

### I. Information to be Disclosed by the Provider

To the extent that the information described in Attachment A is within the possession, custody, or control of the Service Provider, including any information that has been deleted but is still available to the Service Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Service Provider is required to disclose to the government the following information pertaining to the Accounts listed in Attachment A for the following dates: September 1, 2022 through November 23, 2022:

    A.    The following information about the customers or subscribers of the Accounts:

        1.    Names (including subscriber names, user names, and screen names);

        2.    Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

        3.    Local and long distance telephone connection records;

        4.    Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

        5.    Length of service (including start date) and types of service utilized;

        6.    Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

        7.    Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

11

Case 2:23-mj-00847-NJ    Filed 01/23/23    Page 17 of 18    Document 1

8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

1. the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

2. information regarding the cell tower and antenna face (also known as "sectors") through which the communications were sent and received, as well as per-call measurement data.

3. per call measurement and timing advance data (PCMD, RTT, True Call, NELOS, or similar)

## II. Information to be Seized by the Government

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 1951 (Hobbs Act) and Title 18, United States Code, Section 924(c) (use of a firearm during a crime of violence) involving ANTERIAN A WILLIAMS and KAPERION T GATSON, during the period of September 1, 2022, through November 23, 2022.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Service Providers to locate the things particularly described in this Warrant.